IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAY AND BONNIE PENNISON | § | |
| | § | |
|    Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE COMPANY, and COLONIAL CLAIMS, CORPORATION | § § § § § § § | |
| | § | |
|    Defendants | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Plaintiffs Jay and Bonnie Pennison, hereinafter referred to as the Pennisons, and timely file this their suit against, the Federal Emergency Management Agency, hereinafter referred to as FEMA, Fidelity National Property & Casualty Insurance Company, hereinafter referred to as the Company and Colonial Claims Corporation, hereinafter referred to as the Corporation and would respectfully show the Court the following:

**Jurisdiction**

1. The Court has federal question jurisdiction pursuant to 28 USC § 1331 concerning this suit as it is a suit for damages pursuant to 42 U.S.C. 4001 et seq., the National Flood Insurance Program as well as pendant party and supplemental jurisdiction pursuant to 28 USC 1367(a) for Plaintiffs state claims. Further, the Court has jurisdiction over this matter pursuant to the forum selection clause of the National Flood Insurance Program insurance policy, which is

administered by FEMA and the Company. The forum selection clause also requires that suit be brought in the United States District Court of the district in which the insured property was located at the time of loss. Plaintiffs incorporate by reference all paragraphs of this their Original Complaint pursuant to the Rules.

## Venue

2. Venue is proper in this Court because all or a substantial part of the events or omissions occurred concerning the Plaintiffs residence which is located in Galveston County, Texas and is within the Galveston Division of the United States District Court for the Southern District of Texas.

## Parties

3. Plaintiffs are residents of Galveston County, Texas. Plaintiffs' real property that is the subject of this lawsuit is located in Galveston County, Texas.

4. Defendant FEMA, is an agency of the government of United States of America and directly administers the National Flood Program may be served with services of process, pursuant to Federal Rule of Civil Procedure 4(i)(1) by sending the summons and complaint by certified or registered mail to the United States Attorneys Office for the Southern District of Texas civil process clerk located at PO Box 61129, Houston, Texas 77208 and pursuant to Federal Rules of Civil Procedure, Rule 4(i)(2) by delivering by certified or registered mail of the summons and complaint to FEMA at PO Box 10055, Hyattsville, MD 20782-7055.

5. Defendant Fidelity National Property & Casualty Insurance Company is a foreign corporation doing substantial business in the State of Texas and may be served through its attorney for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

6.      Defendant Colonial Claims Corporation is a foreign corporation doing substantial business in the State of Texas and may be served at its home office, 2200 Bayshore Blvd., Dunedin, Florida, 34698.

## Facts

7.      The Pennisons have an insurance policy in full force number 427700131710 on their residence in Galveston, Texas through the National Flood Insurance Program administered by FEMA and Fidelity National Property Casualty Insurance Company a write your own company or, WYO.  Colonial Claims Corporation performed the investigation of the Pennisons' claims for the direct physical loss to the Pennisons' residence due to the damage sustained by it as a result of Hurricane Ike's flood waters in September 12 -13, 2008, for FEMA and the Company. FEMA and the Company, relying on the Corporation analysis, undervalued the damage to the Pennisons' residence by ignoring among other things the "wracking[1]" caused to the Pennisons' residence from the flood waters of Hurricane Ike which were brought to their attention by a licensed architect hired by the Pennisons to perform an independent investigation of the actual direct physical loss sustained by their residence.  Efforts were made by the Pennisons to bring the true facts of the direct physical loss sustained by their residence to the attention of FEMA and the Company through various letters of appeals of claims but such efforts were rebuffed and ignored resulting in them filing suit before the applicable statue of limitations passed.

---

[1]      Wracking is caused in this case by hurricane flood waters hitting the Pennisions residence shifting the entire structure off center causing severe damage to all the joints of the residence.

## Causes of Action

8. **Breach of Contract in Violation of 42 U.S.C. 4001, et seg., the National Flood Insurance Act of 1968 by FEMA and the Company.**

    a. FEMA through its National Flood Insurance Program, and Company did not honor the terms of the insurance policy that it had previously entered into with Jay and Bonnie Pennison by undervaluing the direct physical loss damages to the Pennisons' residence from Hurricane Ike's flood waters;

    b. FEMA breached its contract with Jay and Bonnie Pennison when they refused to pay the actual damages from the direct physical loss that were covered under the National Flood Insurance Program insurance policy number 427700131710, for the full amount of flood damages sustained to the Pennisons' Galveston residence pursuant to the terms of the policy of insurance; and,

    c. FEMA and the Company have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiffs.

9. This suit is necessary to recover damages arising from FEMA and the Company's improper refusal to pay insurance benefits as represented by their agents, servants and employees and by the insurance policy they sold to the Plaintiffs. The Plaintiffs seek the full value of the damages from the direct physical loss sustained by their residence under the policy of insurance issued by FEMA and the Company a WYO. These acts, omissions, failures, and conduct of the

FEMA and the Company are a proximate causes of Plaintiffs' damages for which they now sue.

10.     **Breach of The Common-Law Duty of Good Faith and Fair Dealing by Corporation; Agency Theory Corporation.**  All acts by Corporation that undervalued the damage to the Pennisons residence by their adjusters were done by their officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Corporation or were done in their normal and routine course and scope of employment with the Corporation. These acts, omissions, failures, and conduct of the Corporation are a proximate causes of Plaintiffs' damages for which they now sue.

11.     By its acts, omissions, failures and conduct, the Corporation has breached its common law duty of good faith and fair dealing by denying Plaintiffs' insurance claim based on the actual damage sustained by the Pennisons' residence or inadequately adjusting resulting in an offer to settle that did not consider the direct physical loss suffered by the Pennisons' residence undervaluing Plaintiffs' claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials. These acts, omissions, failures, and conduct of the Corporation are a proximate cause of Plaintiffs' damages for which they now sue.

12.     The Corporation has also breached its duty by unreasonable delaying payment of Plaintiffs' claim for damages based on the actual damage to the Pennisons' residence and by failing to settle Plaintiffs claims because the Corporation knew or should have known that it was reasonable clear that the claimed damages to the Pennisons' residence resulting from the direct physical loss caused by Hurricane Ike's flood waters were covered.  These acts, omissions, failures, and conduct of the Corporation are a proximate cause of Plaintiffs' damages for which

they now sue.

13. **Common-Law Fraud Claim Of Negligent Misrepresentation Against The Corporation.** Plaintiffs would show that the Company perpetrated fraud by negligent misrepresentation through falsifying and representing facts of materiality about the damages to the Plaintiffs residence due to the direct physical loss caused by the flood waters of Hurricane Ike who relied upon such representations which ultimately resulted in injuries and damages to the Plaintiffs.

14. Specifically, and as a proximate cause and result of this negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiffs, Plaintiffs have sustained damages far in excess fo the minimum jurisdictional limits of this Court.

15. By reason of Plaintiffs' reliance on the Company's negligent misrepresentations of material facts as described in this complaint, Plaintiffs have suffered actual damages for which they now sue.

16. Plaintiffs further allege that the Company knew that the misrepresentations made about the Plaintiffs residence were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of the Company and constitute conduct for which the law allows the imposition of exemplary damages.

17. Plaintiffs are entitled to reasonable and necessary attorney's fees due to various Defendants actions and omissions listed above.

## Prayer

WHEREFORE PREMISSES CONSIDERED, Plaintiffs pray that Defendants be served with suit and that they have judgment against Defendants for their actual damages, consequential

damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, costs, and such other relief in law and at equity to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**Law Offices of Owen Jones**

/s/Owen Jones
Owen Jones
State Bar No. 00796847
Federal Bar No. 20961
211 E. Parkwood,
Suites 106 - 110
Friendswood, Texas 77546
Telephone: 281-992-1541
Facsimile: 281-648-2427
owenjoneslaw@yahoo.com
**ATTORNEY FOR PLAINTIFFS**